

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

May 20, 2022

Mr. John Fazzio, Esq.
Fazzio Law Offices                    Crim. No. 23-277 (SDW)
5 Marine View Plaza, Suite 218
Hoboken, NJ 07030

    Re:   <u>Plea Agreement with Yezenia Castillo, a/k/a Yezenia Maldanado</u>
           Mag. No. 20-8102

Dear Mr. Fazzio:

       This letter sets forth the plea agreement between your client, Yezenia Castillo, a/k/a Yezenia Maldanado ("Castillo"), and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon the approval of the Department of Justice, Tax Division. The government's offer to enter into this plea agreement will expire on June 3, 2022, if it is not accepted in writing by that date.

<u>Charge</u>

       Conditioned on the understandings specified below, this Office will accept a guilty plea from Castillo to a two-count Information charging her in Count One with wire fraud, in violation 18 U.S.C. § 1343, and in Count Two with tax evasion, in violation of 26 U.S.C. § 7201. Both counts relate to Castillo engaging in the following criminal conduct from in or about 2012 through in or about November 2021: (1) Castillo devised a scheme to defraud whereby she falsely claimed that she was a Certified Public Accountant ("CPA") in New Jersey; (2) while falsely claiming to be a CPA, she solicited and procured over one hundred clients (the "Victims"), mainly non-profit companies and religious institutions, falsely promising to prepare federal tax returns for these Victims and falsely promising to pay various taxes owed by the Victims to the Internal Revenue Service ("IRS"); (3) in furtherance of these false

promises, she calculated and then collected from the Victims the taxes owed by the Victims to the IRS; (4) she then deposited these funds in various bank accounts that she controlled; and, (5) without permission or authority, she failed to file tax returns and failed to pay taxes owed by the Victims to the IRS for the calendar years 2012 through 2021.

Castillo further failed to file her own personal tax returns, as well as the tax returns for her businesses for the calendar years 2016 through 2021 (individual) and 2019 through 2021 (businesses). The total loss resulting from Castillo's unlawful conduct is in excess of $1.5 million.

If Castillo enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Castillo in connection with the above-mentioned scheme to defraud or her failure to file tax returns or pay taxes to the IRS on behalf of the Victims for the above-stated tax years. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Castillo agrees that any dismissed charges or any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Castillo may be commenced against her, notwithstanding the expiration of the limitations period after Castillo signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1343 to which Castillo agrees to plead guilty in Count One carries a statutory maximum term of 20 years' imprisonment. The violation of 26 U.S.C. § 7201 to which Castillo agrees to plead guilty in Count Two carries a statutory maximum term of five years' imprisonment. The statutory maximum fine for each of Counts 1 and 2 is equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. The sentence on each count may run consecutively.

The sentence to be imposed upon Castillo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline

range may be found by the sentencing judge, or as to what sentence Castillo ultimately will receive.

Further, in addition to imposing any other penalty on Castillo, the sentencing judge: (1) will order Castillo to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessments must be paid by the date of sentencing; (2) may order Castillo to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); (4) pursuant to 18 U.S.C. § 3583, may require Castillo to serve a term of supervised release of not more than three years on each of Counts One and Two, which terms of supervised release will begin at the expiration of any term of imprisonment imposed. Should Castillo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Castillo may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Castillo agrees to pay restitution to the IRS, the exact amount of which will be determined at sentencing. Castillo understands and agrees that this restitution amount does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26. Castillo agrees that the total amount of restitution reflected in this agreement results from her fraudulent conduct. The restitution amount is based upon the total amount of loss for calendar years 2012 through 2021, and shall be paid according to a payment plan established by the Court. If the Court orders Castillo to pay restitution to the IRS for the failure to pay taxes, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Castillo does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Castillo's timely payment of restitution, according to that schedule, will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

In addition to the above, Castillo agrees to pay restitution to the Victims of her scheme to defraud in an amount to be determined at sentencing.

Forfeiture

As part of her acceptance of responsibility, and pursuant to 18 U.S.C. § 982(c)(7), Castillo agrees to forfeit to the United States all of her right, title, and interest in all property Castillo obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 1343 charged in Count One of the Information.

Castillo waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Castillo understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Castillo waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Castillo's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Castillo further agrees that not later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Castillo fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that Castillo has intentionally failed to disclose assets on her Financial Disclosure Statement, Castillo agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Castillo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Castillo's activities and relevant conduct with respect to this case.

Stipulations

This Office and Castillo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Castillo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Castillo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Castillo understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Castillo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Castillo wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Castillo understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Castillo waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging

her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Federal Tax Forms 870 Waiver

Prior to the date of sentencing, Castillo shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed; or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Castillo agrees to allow the contents of her IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing Castillo or Castillo's Victims. With respect to disclosure of the criminal file to the IRS, Castillo waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy.

Furthermore, Castillo agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2012 through 2021 or for any other amounts paid in accordance with this agreement. Castillo agrees that the provisions set forth in this agreement concerning her tax obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Castillo. This agreement does not prohibit the United States, any agency thereof (including the IRS), or any third party from initiating or prosecuting any civil or administrative proceeding against Castillo.

No provision of this agreement shall preclude Castillo from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Castillo received constitutionally ineffective assistance of counsel

<u>No Other Promises</u>

      This agreement constitutes the plea agreement between Castillo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Philip R. Sellinger
United States Attorney

*/s/ Blake Coppotelli*
_____

By: Blake Coppotelli
Assistant U.S. Attorney

APPROVED:

_____
Joshua L. Haber
Chief, Economic Crimes Unit

I have received this letter from my attorney, John Fazzio, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 6/2/22
Yezenia Castillo

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 6/2/22
John Fazzio, Esq.

<u>Plea Agreement with Yezenia Castillo</u>

<u>Schedule A</u>

1. This Office and Yezenia Castillo recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Yezenia Castillo nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

## Count One

3. Under U.S.S.G. § 2B1.1, the Base Offense Level is 7.

4. The loss involved in the offense charged in Count One exceeded $1,500,000 but did not exceed $3,500,000, which results in a 16-level enhancement pursuant to U.S.S.G. § 2B1.1 (b)(1)(H).

5. Because Castillo's scheme to defraud resulted in substantial hardship to one or more victims the offense level is increased by 2 levels. U.S.S.G. § 3B1.1(b)(2)(A)(iii).

6. The total Guidelines offense level for Count One is therefore 25.

## Count Two

7. The guideline for this offense is U.S.S.G. § 2T1.1. The Base Offense Level is 22, because the offense charged in Count Two and all relevant conduct involved a tax loss in excess of $1.5 million. U.S.S.G. § 2T1.4.

8. The total Guidelines offense level for Count Two is therefore 22.

## Grouping

9. The parties agree that Counts One and Two of the Information group together pursuant to U.S.S.G. § 3D1.2(d) because the Counts were part of one overall scheme or were closely related within the meaning of U.S.S.G. § 3D1.1 and 3D1.2. The offense level for the group, pursuant to U.S.S.G. § 3D1.3, is the highest offense level of the counts in the Group, in this case, 25. Accordingly, the total combined offense level is 25.

**Acceptance of Responsibility and Plea**

10. As of the date of this letter, Yezenia Castillo has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Yezenia Castillo's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, Yezenia Castillo has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Yezenia Castillo's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Yezenia Castillo enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Yezenia Castillo's acceptance of responsibility has continued through the date of sentencing and Yezenia Castillo therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Yezenia Castillo's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

**Additional Stipulations**

12. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Yezenia Castillo is 22 (the "agreed total Guidelines offense level").

13. The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein. However, the parties further agree that Yezenia Castillo reserves the right to seek a variance pursuant to 18 U.S.C. § 3553(a), and that this Office reserves the right to oppose such a request.

14. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense is reasonable.

15. Yezenia Castillo knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 22. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the

agreed total Guidelines offense level of 22. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph. Moreover, the preceding paragraph does not apply to:

      a.    Any proceeding to revoke the term of supervised release.

      b.    A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

      c.    An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).